**Michael Gary BARBER, Petitioner—Appellant,**

v.

**FEDERAL BUREAU OF PRISONS; Sheridan Federal Correctional Institution; Charles Daniels, Warden, Respondents–Appellees.**

No. 06–35595.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 19, 2007.

Michael Gary Barber, Sheridan, OR, pro se.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Michael Gary Barber, a federal prisoner, appeals pro se the summary denial of his habeas corpus petition brought under 28 U.S.C. § 2241. He claims that under 18 U.S.C. § 3624(b) he is entitled to good-conduct sentence credit calculated on the basis of the length of his sentence, rather than the amount of time served. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barber contends that 28 C.F.R. § 523.20, the Federal Bureau of Prisons' regulation interpreting § 3624(b) to mean

that an inmate earns good-time credit on the basis of time served, contravenes the plain meaning of the statute and violates various other rules of statutory interpretation. This contention is foreclosed by *Mujahid v. Daniels,* 413 F.3d 991 (9th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2287, 164 L.Ed.2d 817 (2006), and *Pacheco–Camacho v. Hood,* 272 F.3d 1266 (9th Cir.2001).

Barber contends that the regulation is not valid because it was not formally implemented via the Federal Register notice-and-comment procedure until 1997, and its application to him violates the Ex Post Facto Clause because he was convicted in 1993. This contention also is foreclosed by *Pacheco–Camacho.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.